## SECOND DEPARTMENT, DECEMBER, 1966

### (December 5, 1966)

■ In the Matter of the Application of ALEXANDER M. EMERMAN for Admission to the Bar.— The applicant for admission to the Bar passed the Bar examination in May, 1931, and was certified by the State Board of Law Examiners in June, 1931. Thereafter, from 1934 to 1936, he attended graduate law school. He obtained a set of application forms in 1940 but did not file it. He obtained a second set of forms in August, 1965 and filed it in December, 1965. During the intervening 34 years between the date of his certification by the State Board of Law Examiners and the filing of his admission papers, with the exception of his graduate study which terminated in 1936, the applicant was not connected in any way with the field of law. He had been employed or engaged in the profession of engineering. In view of the inordinate delay which is present in this particular case and the applicant's complete detachment from the legal field during a period in excess of 30 years, particularly when considered against the background of the great and far-reaching changes which the law has undergone during such period, both substantively and procedurally in the civil and criminal fields, we are constrained to conclude that the applicant does not presently possess the requisite fitness for admission to the Bar. Accordingly, the application is denied. However, if the applicant be so advised, he may apply to the State Board of Law Examiners for permission to take the Bar examination again. Beldock, P. J., Ughetta, Christ, Brennan, Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ ARTHUR ADONIZIO, an Infant, by GILDA ADONIZIO, His Guardian ad Litem, Respondent, et al., Plaintiff, v. HOUSE OF ST. GILES THE CRIPPLE, Appellant, et al., Defendants.— Judgment of the Supreme Court, Kings County, dated February 1, 1966, affirmed, with costs. In our opinion, the verdict was not excessive in light of the injuries incurred by the infant plaintiff. Ughetta, Acting P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to grant a new trial, on the ground that the verdict is grossly excessive.